## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ANTONIA DOUGLASS and<br>ELIZABETH EVERETT,<br><br>          Plaintiffs,<br><br>v.<br><br>GARDEN CITY COMMUNITY COLLEGE,<br>HERBERT J. SWENDER, RODNEY<br>DOZIER, MERILYN DOUGLASS, BLAKE<br>WASINGER, JEFF CRIST, BRICE KNAPP,<br>STEVE MARTINEZ, and TERI WORF,<br>Trustees of Garden City Community College,<br>in their official capacities, et al.<br><br>and<br><br>FREDDIE STRAWDER, and GARDEN<br>CITY, KANSAS, through its POLICE<br>DEPARTMENT,<br><br>          Defendants. | Case No. 2:20-cv-02076-KHV-GEB |
| SOPHIA HERNANDEZ,<br><br>          Plaintiff,<br><br>v.<br><br>GARDEN CITY COMMUNITY COLLEGE,<br>RYAN RUDA, MERILYN DOUGLASS,<br>BLAKE WASINGER, TERI WORF, STEVE<br>MARTINEZ, AND JEFF CRIST,<br><br>          Defendants | Case No. 2:21-cv-02232-KHV-GEB |

4836-1323-6980.1

AARON KUCHARIK,

              Plaintiff,

v.

GARDEN CITY COMMUNITY COLLEGE, HERBERT J. SWENDER, MERILYN DOUGLASS, BLAKE WASINGER, JEFF CRIST, STEVE MARTINEZ, and TERI WORF,

              Defendants.

Case No. 2:20-cv-02190-KHV-GEB

---

SHANEY TIUMALU,

              Plaintiff,

v.

GARDEN CITY COMMUNITY COLLEGE, HERBERT J. SWENDER, MERILYN DOUGLASS, BLAKE WASINGER, JEFF CRIST, STEVE MARTINEZ, and TERI WORF,

              Defendants.

Case No. 2:20-cv-02193-KHV-GEB

## **PROTECTIVE ORDER**

The parties agree that during the course of discovery and informal settlement discussions it may be necessary to disclose certain confidential information relating to the subject matter of this action. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. The parties jointly request entry of this proposed Protective Order to limit the disclosure, dissemination, and use of certain identified categories of confidential information.

The parties assert in support of their request that protection of the identified categories of confidential information is necessary because confidential personnel information, confidential

investigative materials, confidential financial and medical information, and other confidential information is anticipated to be the subject of discovery.  Moreover, the Defendant Garden City Community College, is an educational institution and is subject to the provisions of the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g; 34 CFR Part 99, and the parties anticipate discovery requests may encompass student information subject to FERPA protections. FERPA prohibits the disclosure of documents that contain personally identifiable student information.  *See* 20 U.S.C. § 1232g(a)(4)(A); § 1232g(b)(1); 34 C.F.R. § 99.3 (defining "Personally Identifiable Information").  Personally identifiable information "includes, but is not limited to –

      (a)     The student's name;

      (b)     The name of the student's parent or other family members;

      (c)     The address of the student or student's family;

      (d)     A personal identifier, such as the student's social security number, student number, or biometric record;

      (e)     Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

      (f)     Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

      (g)     Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates. Personally identifiable student information includes the student's name, parent's name, the student's or parent's address, social security numbers, or other information that would make the student's identity easily traceable."

34 C.F.R. § 99.3(a)–(g).

"For the purposes of this section, the term "education records" means, except as may be provided otherwise in subparagraph (B), those records, files, documents, and other materials which— (i) contain information directly related to a student; and (ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *See* 20 U.S.C. § 1232g(b)(1).

This Order will facilitate the exchange of information between the parties.  Good cause exists for the issuance of a protective order.

For good cause shown under Fed. R. Civ. P. 26(c), the Court grants the parties' joint request and hereby enters the following Protective Order:

1.      **Scope.**  All documents and materials produced in the course of discovery of this case, including initial disclosures, responses to discovery requests, all deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), are subject to this Order concerning Confidential Information as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order will be strictly construed in favor of public disclosure and open proceedings wherever possible.

2.      **Definition of Confidential Information.**  As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "Confidential Information" to the following categories of information or documents:

(a)      Personnel Information regarding current and former employees of Defendants Garden City Community College and City of Garden City.  For purposes of this Order, "Personnel Information" includes, but is not limited to information typically retained in personnel files, job application materials, any performance ratings, employee compensation and payroll information, supervisor notes, medical records, documents related to discipline and/or termination, documents regarding attendance, and information relating to employment policies.

(b)      Personnel Information regarding current and former job applicants of Defendants Garden City Community College and City of Garden City.

(c)      Non-public financial information and other information of Defendant Garden City Community College  that contains trade secrets, future business plans, market analysis, confidential research, development, commercial or other proprietary information.

(d)      Health care information, personnel records, tax records, or other financial information related to Plaintiffs.

(e)      Confidential Title IX files and other investigative materials.

(f)      Information covered under the Family Education Rights and Privacy Act of 1974 and any amendments to it ("FERPA").

(g)      "Criminal Justice Information" which term shall include information (1) subject to 28 C.F.R. § 20.30 (pertaining to restrictions upon dissemination of Criminal Justice Information Systems [CJIS] information, (2) criminal history information subject to K.S.A. 22-4701, et seq., and (3) investigative information not specifically subject to K.S.A. 22-4701, et seq. but pertaining to law enforcement activities by the City of Garden City.

(h)      Documents containing or displaying sensitive personal identifying or contact information of parties to this lawsuit or witnesses identified in records of the City of Garden City.

(i)      Any testimony regarding Confidential Information as defined in Paragraphs 2(a)-(h) above.

(j)      Extracts and summaries prepared from such materials set forth in Paragraphs 2(a)-(i) above.

(k)      Those portions of briefs, affidavits, memoranda, depositions, or other writings, including exhibits thereto, which contain or refer to the Confidential Information.

Information or documents that are available to the public may not be designated as Confidential Information.

**3.      Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as confidential, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

**4.** **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within ten (10) days after discovery of the inadvertent failure.

**5.** **FERPA Information.** As used in this Order, information or documents that are protected by FERPA are to be treated as "confidential" regardless of designation.  Any inadvertent failure to designate does not waive or change the confidential status of such records. The right to privacy under FERPA belongs to the student.  With respect either a discovery request or subpoena for "education records" of students that are protected by FERPA, Garden City Community College is obligated to first make reasonable effort to notify the student of the discovery request or subpoena in advance of compliance so that the student may seek protective action.  34 CFR §9931(a)(9)(ii).

**6.** **Depositions**. Deposition testimony will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

**7.** **Protection of Confidential Material.**

**(a)** **General Protections.** All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of the following lawsuits:  *Kucharik v. Garden City Community College et. al.*, Case No. 2:20-cv-02190-KHV-GEB; *Tiumalu v. Garden City Community College et. al.*, Case No. 2:20-cv-02193-KHV-GEB; *Douglass and Everett v. Garden City Community College et. al.*, Case No. 2:20-cv-02076-KHV-GEB; and *Hernandez v. v. Garden City Community College et. al.*, Case No. 2:21-cv-02232-KHV-GEB (collectively the "GCCC Cases").  Regardless of any CONFIDENTIAL designation,

any document, video, electronic information, or deposition transcript exchanged, used, or created

for any one of the GCCC Cases may be used in any other GCCC Case.  Any other use outside of

any GCCC Case for any CONFIDENTIAL designated document is prohibited.

        **(b)**      **Who May View Designated Confidential Information.** Except with the

prior written consent of the designating party or prior order of the court, designated Confidential

Information may only be disclosed to the following persons:

(1)      The parties to this litigation; [1]

(2)      Attorneys and staff for Defendant Garden City Community College, in evaluating or making decisions with respect to plaintiff's claims;

(3)      Counsel for the parties and employees and agents of counsel;

(4)      The court and court personnel, including any special master appointed by the court, and members of the jury;

(5)      Court reporters, recorders, and videographers engaged for depositions;

(6)      Any mediator appointed by the court or jointly selected by the parties;

(7)      Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation, but only after such persons have completed the certification contained in Attachment A, Acknowledgment and Agreement to be Bound;

(8)      Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the certification contained in Attachment A;

---

[1] If the confidential documents contain highly sensitive trade secrets or other highly sensitive competitive or confidential information or student FERPA information and disclosure to another party would result in demonstrable harm to the disclosing party, then the parties may stipulate or move for the establishment of an additional category of protection, (e.g., Attorneys' Eyes Only) that prohibits disclosure of such documents or information to category or that limits disclosure only to specifically designated in-house counsel or party representative(s) whose assistance is reasonably necessary to the conduct of the litigation and who agree to be bound by the terms of the Order.

(9)     The author or recipient of the document (not including a person who received the document in the course of the litigation);

(10)    Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(11)    Employees of defendant City of Garden City's insurer as necessary to evaluate and make decisions with respect to plaintiffs' claims; and

(12)    Other persons only upon consent of the producing party and on such conditions as the parties may agree.

(c)     **Control of Documents**.  The parties must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order. Counsel for the parties must maintain a record of those persons, including employees of counsel, who have reviewed or been given access to the documents along with the originals of the forms signed by those persons acknowledging their obligations under this Order.

8.     **Filing of Confidential Information**. In the event a party seeks to file any document containing Confidential Information subject to protection under this Order with the court, that party must take appropriate action to insure that the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; or (b)  when the preceding measures are inadequate, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with D. Kan. Rule 5.4.6.

Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal. The parties understand that the requested documents may be filed under seal only with the permission of the court after proper motion. If the motion is granted and the requesting

party permitted to file the requested documents under seal, only counsel of record and unrepresented parties will have access to the sealed documents. Pro hac vice attorneys must obtain sealed documents from local counsel.

9.      **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party.  Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge; the parties are strongly encouraged to consider arranging a telephone conference with the undersigned magistrate judge *before* filing such a motion, but such a conference is not mandatory. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Order.

10.     **Use of Confidential Documents or Information at Trial or Hearing.**   Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential Information at a hearing or trial must bring that issue to the attention of the court and the other parties without disclosing the Confidential Information. The court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

11.     **Obligations on Conclusion of Litigation.**

(a)      **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b)      **Return of Confidential Documents.** Within thirty (30) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction of the document to the extent practicable in lieu of return;[2] or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so.

(c)      **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

12.      **Order Subject to Modification**. This Order is subject to modification by the court on its own motion or on motion of any party or any other person with standing concerning

---

[2] The parties may choose to agree that the receiving party must destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party must not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

the subject matter. The Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modification.

**13.   Enforcement of Protective Order.**  Even after the final disposition of this case, a party or any other person with standing concerning the subject matter may file a motion to seek leave to reopen the case for the limited purpose of enforcing or modifying the provisions of this Order.

**14.   No Prior Judicial Determination.**   This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel or the parties is entitled to protection under Fed. R. Civ. P. 26(c) or otherwise until such time as the court may rule on a specific document or issue.

**15.   Persons Bound by Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**16.   Jurisdiction.** The court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. But a party may file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**17.   Applicability to Parties Later Joined.** If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the court their written agreement to be bound by the provisions of this Order.

**18.   Protections Extended to Third-Party's Confidential Information.** The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**19.    Confidential Information Subpoenaed or Ordered Produced in Other Litigation.** If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than five business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

**20.    Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product**. Whether inadvertent or otherwise, the disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from

designating the information or document as attorney-client privileged or subject to the work-product doctrine at a later date. Any party receiving any such information or document must return it upon request to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within 15 days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order. Although the provisions of this section constitute an order pursuant to Rule 502(d) and (e) of the Federal Rules of Evidence, and will be construed in a manner consistent with the maximum protection provided by said rule, nothing in this Order is intended or will be construed to limit a party's right to conduct a review of documents, including electronically-stored information, for relevance, responsiveness, or segregation of privileged or protected information before production.

   **IT IS SO ORDERED.**

   Dated this 2nd day of August, 2021, at Wichita, Kansas.


            s/ Gwynne E. Birzer
            Gwynne E. Birzer
            U. S. Magistrate Judge


**WE SO MOVE**
**and agree to abide by the**
**terms of this Order**


/s/ Sarah A. Brown
Signature

Sarah A. Brown
Printed Name

*Counsel for Plaintiffs*

s/ Jeremy K. Schrag
Signature

Jeremy K. Schrag
Printed Name

*Counsel for Garden City Community College Defendants*

/s/Samuel A. Green
Signature

Samuel A. Green
Printed Name

*Counsel for Defendants*
*Strawder and City of Garden City, Kansas*

Dated: 7/30/21

4836-1323-6980.1

**ATTACHMENT A**

**ACKNOWLEDGMENT
AND
AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated August 2, 2021 entered in the cases captioned, *Kucharik v. Garden City Community College et. al.*, Case No. 2:20-cv-02190-KHV-GEB; *Tiumalu v. Garden City Community College et. al.*, Case No. 2:20-cv-02193-KHV-GEB; *Douglass and Everett v. Garden City Community College et. al.*, Case No. 2:20-cv-02076-KHV-GEB; and *Hernandez v. v. Garden City Community College et. al.*, Case No. 2:21-cv-02232-KHV-GEB (collectively the "GCCC Cases"), and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Kansas in matters relating to this Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Protective Order.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Date: _____

Signature _____

4836-1323-6980.1     16